No. 89-23

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

HILLCREST HOMEOWNERS ASSOCIATION,
a Montana corporation,

Plaintiff and Appellant,

-vs-

A. G. WILEY and KANCHANA WILEY,

Defendants and Respondents.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas R. Bostock; Warden, Christiansen, Johnson and
Berg, Kalispell, Montana

For Respondent:

H. James Oleson; Oleson Law Firm, Kalispell, Montana

---

Submitted on Briefs: June 30, 1989

Decided: August 31, 1989

Filed:

/Clerk

Justice L. C. Gulbrandson delivered the Opinion of the Court.

Plaintiff, the Hillcrest Homeowners Association, filed a complaint in the District Court for the Eleventh Judicial District, Flathead County, alleging that the defendants, A.G. Wiley and Kanchana Wiley, now deceased, violated a restrictive covenant by building a garage on their lot in Hillcrest Estates subdivision, Flathead County. The District Court entered summary judgment in favor of the defendants. Plaintiffs appeal. We reverse and remand.

Hillcrest Estates is a residential subdivision located in Flathead County. In 1969, the owners of Hillcrest Estates adopted restrictive convenants that were then duly recorded in the Clerk and Recorder's office in Flathead County. These covenants provide in pertinent part:

RESIDENTIAL AREA COVENANTS.

1. LAND USE AND BUILDING TYPE. No lot shall be used except for single family residential purposes, only one residence per lot and no lot shall be subdivided.

2. IMPROVEMENTS. (a) All homes must be of new construction and have a minimum of 1600 square feet of living area on the ground level.

(b) Exterior of improvements must be completed within one year after start of construction.

(c) No temporary buildings of any nature will be allowed during or after construction, including trailer homes.

In 1979, A. G. Wiley and Kanchana Wiley purchased lot 3 in the Hillcrest Estates subdivision. In late 1980, or early 1981, they completed construction of a steel sided garage on their property. The Wileys built this garage as part of

2

their original plan to build a single family residence with a detached garage. Kanchana Wiley died in May, 1983, and the actual residence was never built. A. G. Wiley eventually moved to Utah.

In April, 1987, the Hillcrest Homeowners Association filed a complaint in the District Court for the Eleventh Judicial District, Flathead County, alleging that the garage violated the restrictive covenants. The Hillcrest Homeowners Association appeal the District Court's finding, which stated that the garage built on lot 3 is permanent, complete, and does not violate the restrictive covenants.

The only issue Hillcrest raises on appeal is whether the District Court erred in determining that the garage did not violate the restrictive covenants.

Hillcrest argues that the garage violates the "residential purposes" language of the restrictive covenant. In particular, Hillcrest argues that while a garage, in conjunction with a residence, is consistent with "residential purposes," a garage by itself, absent the development of a residence, is not consistent with "residential purposes." Hillcrest therefore argues that the Wileys violated the restrictive covenant that is applicable to the Hillcrest Estates. We agree.

Restrictive covenants are generally valid "if they tend to maintain or enhance the character of a particular residential subdivision." Town & Country Estates Ass'n (Mont. 1987), 740 P.2d 668, 671, 44 St.Rep. 1257, 1260. When interpreting a restrictive covenant, this Court applies the same rules as those applicable to contract interpretation. Gosnay v. Big Sky Owners Ass'n (1983), 205 Mont. 221, 227, 666 P.2d 1247, 1250. Therefore, this Court must, if reasonably practical, read the restrictive covenant as a whole so as to give meaning to every part of the covenant.

See § 28-3-202, MCA. In addition, the language of the covenant is to be understood in its ordinary and popular sense, see § 28-3-501, MCA, and the language will govern the covenant's interpretation when the words are plain and unambiguous. Gosnay, 205 Mont. at 227, 666 P.2d at 1250.

When interpreting the covenant in this case, this Court must ascertain the meaning of "residential purposes." Webster's Dictionary defines "residential" as "used as a residence or by residents." "Residence" is then defined as "the act or fact of dwelling in a place for some time." Webster's Ninth New Collegiate Dictionary 1003 (1986). Consistent with these definitions, courts have held that a garage built on a lot without a dwelling house on the same lot violates a restrictive covenant when the covenant specifically limits a lot's use to "residential purposes." In particular, the Washington Court of Appeals in Sandy Point Improvement Co. v. Huber (Wash. 1980), 613 P.2d 160, recited:

> A private garage is a proper appurtenance necessary to the enjoyment of a dwelling house and does not violate a "for residence purposes only" covenant [cites omitted]. However, if the garage is placed on an adjoining lot, it is no longer deemed to be appurtenant and does violate such a restriction even though used in connection with a residence on an adjoining lot [cites omitted].

Sandy Point Improvement Co., 613 P.2d at 163. In light of the ordinary and popular use of the word "residential," we agree with the Washington Court of Appeals' interpretation of "residential purposes."

In the present case, Wiley's garage was built on lot 3 in the Hillcrest Estates subdivision approximately seven years before the complaint was filed. The restrictive covenant clearly provides that the Hillcrest lots shall be

4

used only for "single family residential purposes." Reading the covenant as a whole and in light of the popular and ordinary meaning of "residential," a garage, by itself, is not consistent with "single family residential purposes" when the garage is not used in conjunction with a residential dwelling. Therefore, we hold that Wiley violated the restrictive covenant when he built the garage on lot 3 in the Hillcrest Estates subdivision and did not, within a reasonable time, build a residential dwelling to accompany the garage. We therefore reverse the District Court and remand this case to allow the District Court to determine the proper relief warranted under the facts of this case.

Reverse and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

I do not concur with the findings of the majority.

_____
Justice

5