No. 99-555

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 341

303 Mont. 195

15 P. 3d 458

MILLTOWN ADDITION HOMEOWNER'S

ASSOCIATION, a Montana Corporation,

Plaintiff and Respondent,

v.

TODD GEERY and TERESA BURCH,

Defendants and Appellants.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Andrew F. Scott, Attorney at Law, Missoula, Montana

For Respondent:

Alan F. Blakley; Blakley & Velk, Missoula, Montana

_____

Submitted on Briefs: January 13, 2000

Decided: December 19, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

1. ¶Todd Geery and Teresa Burch (Appellants) appeal from the judgment entered by the Fourth Judicial District Court, Missoula County, on its findings of fact, conclusions of law and order granting the request for injunctive relief to enforce certain restrictive covenants filed by the Milltown Addition Homeowners' Association (MAHA) and awarding it attorney's fees. We reverse and remand.
2. ¶Appellants raise the following issues:
3. ¶1. Did the District Court abuse its discretion in awarding the MAHA attorney's fees and costs for its action to enforce the restrictive covenants?
4. ¶2. Did the District Court abuse its discretion in issuing an injunction to remove vehicles from property owned by Appellants which is not subject to the restrictive covenants?

## BACKGROUND

1. ¶On June 28, 1990, the Milltown Water User's Association, Inc. (MWUA) executed a Declaration of Covenants, Conditions, and Restrictions (Declaration) placing various conditions and restrictive covenants on tracts of land it owned in the Milltown Addition in Milltown, Montana. The Declaration is divided into two parts. Part I provides for the operation and maintenance of the Milltown water system. It also sets forth the rights and obligations of the MWUA and Milltown Addition property owners with regard to the water system and provides for the assessment of fees to maintain the water system. Part II of the Declaration establishes the MAHA, provides for maintenance of a roadway for use by Milltown Addition property owners and places various restrictive covenants on the use and development of the properties. Part I and Part II each contain a provision for enforcing the rights, obligations and covenants set forth therein.
2. ¶In 1995, the Appellants purchased a tract of land in the Milltown Addition subject to the Declaration. In August of 1997, the MAHA filed a complaint against the Appellants alleging they were violating several of the restrictive covenants in Part II of the Declaration by keeping junk vehicles on--and building their garage less than five feet from the side lot line of--their property. The complaint sought both a

permanent injunction requiring the Appellants to comply with the covenants and monetary damages pursuant to the Part II enforcement provision. The complaint also requested reasonable attorney's fees and costs, under the Part I enforcement provision, incurred in bringing the action.

3. ¶The MAHA eventually moved for summary judgment on the issue of the Appellants' violation of the restrictive covenants. The District Court granted summary judgment to the MAHA and concluded that, as the prevailing party in the action, the MAHA was entitled to attorney's fees and costs pursuant to the Declaration's provisions. After a hearing to determine the amount of the MAHA's attorney's fees and costs, the court entered findings of fact, conclusions of law and an order granting the MAHA a permanent injunction requiring the Appellants to comply with the restrictive covenants and awarding it attorney's fees and costs in the amount of $19,957.35. This amount included $1,328.59 in attorney's fees and costs awarded to the MAHA earlier in the proceedings as sanctions against the Appellants for discovery abuses and a premature appeal to this Court. The Appellants appeal only from the award to the MAHA of $18,628.76 in attorney's fees and costs pursuant to the Declaration.

## DISCUSSION

1. ¶1. Did the District Court abuse its discretion in awarding the MAHA attorney's fees and costs for its action to enforce the restrictive covenants?


2. ¶A district court's grant of attorney's fees is a discretionary ruling which we review for an abuse of discretion. Braach v. Graybeal, 1999 MT 234, ¶ 6, 296 Mont. 138, ¶ 6, 988 P.2d 761, ¶ 6. However, a district court's underlying determination that legal authority exists for an award of attorney's fees is a conclusion of law which we review to determine whether the court interpreted the law correctly. Braach, ¶ 6.

3. ¶The District Court concluded that, pursuant to the provisions of the Declaration, the prevailing party in an action to enforce the covenants contained in Part II of the Declaration is entitled to attorney's fees and costs. The Appellants contend that the court's conclusion is erroneous. They argue that, under the clear language of the Declaration, attorney's fees and costs are available only in an action to enforce the provisions of Part I, relating to the operation of the Milltown Addition water system, and are not available for the MAHA's action brought to enforce the restrictive covenants contained in Part II.

4. ¶When interpreting documents containing restrictive covenants, we apply the same rules of construction as are applied to contracts. See Jarrett v. Valley Park, Inc. (1996), 277 Mont. 333, 338, 922 P.2d 485, 488 (citing Gosnay v. Big Sky Owners Ass'n (1983), 205 Mont. 221, 227, 666 P.2d 1247, 1250). Consequently, in determining whether the MAHA is entitled to attorney's fees under the Declaration, we must read the document as a whole in order to ascertain its meaning, rather than reading any one part in isolation. See § 28-3-202, MCA; Gosnay, 205 Mont. at 227, 666 P.2d at 1250. Where the language used is plain and unambiguous, the language governs our interpretation. Hillcrest Homeowners Ass'n v. Wiley (1989), 239 Mont. 54, 56, 778 P.2d 421, 423; Gosnay, 205 Mont. at 227, 666 P.2d at 1250. Moreover, when construing the document, our role is

simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted. Where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.

Section 1-4-101, MCA. Similarly, § 28-3-202, MCA, provides that a contract is to be read as a whole "so as to give effect to every part if reasonably practicable . . . ."

1. ¶As stated above, each part of the Declaration contains a separate enforcement provision. The provision in Part I of the Declaration states as follows:

ARTICLE VIII: ENFORCEMENT

Section 1. The Association or any owner shall have the option and the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, and charges now or hereinafter proposed by the provisions of this Declaration. The method of enforcement may include proceedings to enjoin the violation, to recover damages, or both. Failure by the Association or any owner to enforce any such provision shall in no event be deemed a waiver of the right to do so thereafter. The prevailing party shall be entitled to costs of suit and reasonable attorney fees if Court proceedings are necessary to enforce these covenants.

For purposes of Part I of the Declaration, "Association" is defined as the MWUA.

1. ¶The enforcement provision in Part II of the Declaration states:

### ARTICLE IV: ENFORCEMENT

Section 1. The Association or any owner shall have the option and the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, and charges now or hereinafter proposed by the provisions of the Declaration. The method of enforcement may include proceedings to enjoin the violation, to recover damages, or both. Failure by the Association or any owner to enforce any such provision shall in no event be deemed a waiver of the right to do so thereafter.

For purposes of Part II, "Association" is defined as the MAHA.

1. ¶While both enforcement provisions authorize a party to enforce provisions of the Declaration through court proceedings requesting injunctive relief or damages, only the Part I provision authorizes an award of attorney's fees and costs for the prevailing party in such an action. The Appellants argue that, because the complaint sought to enforce only restrictive covenants in Part II of the Declaration, the MAHA was restricted to the remedies set forth in the Part II enforcement provision, which do not include attorney's fees and costs. The MAHA responds that, when read as a whole, the Declaration allowed the MAHA to bring its action pursuant to the Part I enforcement provision and to receive attorney's fees and costs if successful. It asserts that the clear language of the Part I enforcement provision states that it is applicable in actions to enforce all conditions, restrictions and covenants "now or hereinafter proposed" by the Declaration and this would include the Part II restrictive covenants, since they were enacted at the same time as Part I of the Declaration. Thus, according to the MAHA, any provision of the Declaration-- whether in Part I or Part II--may be enforced via the Part I enforcement provision.
2. ¶As stated above, we must, if reasonably practicable, interpret the Declaration so as to give effect to all its provisions and not omit language which has been included. See §§ 1-4-101 and 28-3-202, MCA. If the Part I enforcement provision had been intended to govern all actions to enforce any provision within the Declaration, there

would have been no need to include a separate enforcement provision in Part II of the Declaration. To accept the MAHA's contention that the Part I enforcement provision may be used to enforce the covenants and restrictions contained in Part II of the Declaration would necessitate treating the Part II enforcement provision as mere surplusage. This would be contrary to the statutory rules governing our interpretation of instruments such as the Declaration. See Corwin v. Board of Public Educ. (1995), 272 Mont. 14, 20, 898 P.2d 1227, 1231.

3. ¶The MAHA also argues that limiting application of the Part I enforcement provision to actions brought to enforce only Part I provisions would render that provision ineffectual because there are no rights or obligations in Part I of the Declaration which can be enforced. Contrary to the MAHA's assertion, however, Part I of the Declaration contains provisions relating to rights and obligations of both the MWUA and the property owners with regard to operating and maintaining the Milltown water system, all of which may be enforced as provided in the Part I enforcement provision. For example, Part I, Article III, Section 1 provides that the MWUA "shall, to the best of its ability, be obligated to provide for the construction, customary and ordinary maintenance, improvement and repair of the watersystem . . . ." Additionally, under Part I, Article VII, each property owner has the right to use the water system and, in turn, under Part I, Article IV, must pay assessments to the MWUA to finance the operation and maintenance of the water system. Thus, the premise underlying the MAHA's argument fails.

4. ¶Furthermore, we observe the Part I enforcement provision authorizes enforcement actions by "[t]he Association or any owner." As noted above, for purposes of Part I, "Association" means the MWUA, not the MAHA. The specification of the MWUA-- the entity obligated under the Declaration to operate and maintain the Milltown water system--as authorized to bring an action pursuant to the Part I enforcement provision buttresses our conclusion that enforcement under the Part I provision-- with the concomitant right to attorney's fees and costs if successful--is restricted to enforcing the rights and obligations contained in Part I which relate to the operation and maintenance of the Milltown water system.

5. ¶Finally, the MAHA argues that, notwithstanding the fact that the Declaration does not authorize attorney's fees and costs, the District Court's award of attorney's fees and costs should be upheld as being within the court's general equity powers to make the prevailing party whole. The record reveals, however, that the MAHA based its request for attorney's fees and costs only on the provisions of the Declaration and did not argue that the District Court should award such fees pursuant to its equitable powers. It is well-established that a party may not raise new

arguments or change its legal theory on appeal. *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15 (citation omitted). Consequently, we decline to address the MAHA's equitable argument for attorney's fees and costs.

6. ¶We conclude that the enforcement provision in Part I of the Declaration is not applicable in actions to enforce covenants contained in Part II of the Declaration. Thus, we further conclude the District Court erred in determining that the prevailing party in an action to enforce the provisions of Part II of the Declaration is entitled to attorney's fees and costs. As a result, we hold that the District Court abused its discretion in awarding the MAHA attorney's fees and costs for its action to enforce the restrictive covenants.

7. ¶2. Did the District Court abuse its discretion in issuing an injunction to remove vehicles from property owned by Appellants which is not subject to the restrictive covenants?

8. ¶In its final order, the District Court granted the MAHA a permanent injunction requiring the Appellants

to remove from their property at 122 Daytona Loop, Milltown, Montana 59851 all junk vehicles . . . . Said vehicles are to be removed from the property and from any adjacent roadways, adjacent properties, properties under their control, and properties subject to the restrictive covenants of [the MAHA], and not to be returned to [Appellants'] property or parked on any roadways, adjacent properties, properties under their control, and properties subject to the restrictive covenants of [the MAHA] at any time in the future. . . . [Appellants] are permanently enjoined from placing on their property, adjacent roadways, property under their control or properties subject to the restrictive covenants of [the MAHA] any junk vehicle prohibited by the covenants.

1. ¶The Appellants assert that the District Court's order was overly broad in enjoining them from keeping junk vehicles on any property they might own. They argue the court only had jurisdiction to issue an injunction pertaining to property they own which is subject to the Declaration's restrictive covenants and the court abused its discretion in enjoining them from activities on property not subject to the Declaration.

2. ¶The MAHA concedes that the issue before the District Court related only to property owned by the Appellants which was subject to the Declaration and the court did not have jurisdiction to enjoin Appellants from activities on other property they might own. We hold, therefore, that the District Court abused its discretion by enjoining the Appellants from activities on property not subject to the Declaration's restrictive covenants. Accordingly, the scope of the court's injunctive order must be narrowed to apply only to property owned by Appellants which is subject to the provisions of the Declaration.

3. ¶Finally, the MAHA also asserts entitlement to attorney's fees and costs on appeal pursuant to the Declaration's Part I enforcement provision. In light of our holding that the Part I enforcement provision is not applicable to the MAHA's action to enforce restrictive covenants in Part II and the MAHA has not prevailed in this appeal, we conclude the MAHA is not entitled to attorney's fees and costs on appeal.

4. ¶Reversed and remanded for entry of an order consistent with this opinion.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

Justice W. William Leaphart, dissenting.

1. ¶I concur as to issue two and dissent on issue one.

2. ¶In resolving the first issue as to the award of attorney fees and costs, the Court recognizes that the Declaration document contains two separate "enforcement" provisions, both of which apply to all provisions and conditions contained within the entire Declaration. The enforcement provision in Article VIII however is more specific than the enforcement provision in Article IV in that it provides for an award of fees and costs.

3. ¶As the Court recognizes, we must interpret the Declaration so as to give effect to all its provisions and not omit language which has been included. Sections 1-4-101 and 28-3-202, MCA. Having recognized this statutory directive, the Court proceeds to violate the principle by concluding that the fees and costs provision has no application outside of Part I. In other words, as to all the provisions of Part II of the Declaration, the fees and costs provision is "omitted."

4. ¶To the extent that the two provisions overlap one another, they are merely redundant. To the extent one is more specific than the other (e.g., providing for fees and costs), the more specific must take precedence so as to give effect to all the provisions of the Declaration.

5. ¶As required by statute, I would interpret the Declaration so as to give effect to all its provisions, both Article IV and Article VIII. Article VIII (Enforcement), in very broad terms, encompasses all "restrictions, conditions, covenants, reservations, and charges now or hereinafter proposed by the provisions of this Declaration." Since the MAHA's complaint sought to enforce restrictive covenants contained in the Declaration, it comes within the ambit of the Article VIII fee provision. I would affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler and Justice William E. Hunt, Sr., join the foregoing dissenting opinion.

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.