CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶40 I concur in the Court’s analysis of Rule 15(c), M.R.Civ.P., and Keller, and its conclusion based thereon that Molina’s first Amended Complaint would have been barred by the statute of limitations. I dissent from the Court’s discussion related to, and remand based on, Rule 4E(2), M.R.Civ.P. I would affirm the District Court.
¶41 The Court acknowledges that Molina relied on Rule 41(e), M.R.Civ.P., in the District Court, and did not raise the Rule 4E(2) argument. We do not consider matters raised for the first time on appeal. Milltown Add. Homeowner’s Ass’n v. Gerry, 2000 MT 341, ¶ 18, 303 Mont. 195, ¶ 18, 15 P.3d 458, ¶ 18. The reason, of course, is that it is unfair to ascribe error to a trial court for reasons it never had an opportunity to address. Instead of applying this well-established principle here, however, the Court observes that Rule 4E had replaced Rule 41(e) (nearly seven months prior to the filing of Molina’s complaint) and that “the District Court should have considered the application of Rule 4E(2), M.R.Civ.P., in this case.” I could not disagree more.
¶42 Molina bore the burden of advancing legal arguments and authorities which would result in a ruling in his favor. He did not do so. I am unwilling to join the Court in faulting the District Court for *197 failing to consider a legal theory not placed before it by a party to the action. The District Court’s rulings were correct with regard to the contentions advanced and that court is entitled to be affirmed. I dissent from the Court’s remand.