

DA 07-0753

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 323N

DENNIS MICKLON,

        Plaintiff and Appellant,

   v.

ARTHUR DUDLEY and LYNN C. DUDLEY,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                   In and For the County of Lincoln, Cause No. DV 2005-085
                   Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            William A. Douglas, Douglas Law Firm, Libby, Montana

        For Appellee:

            James D. Reintsma, Reintsma Law Firm, Libby, Montana

                          Submitted on Briefs:  September 10, 2008

                                  Decided:  September 16, 2008

Filed:

                                _____
                                         Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     This case involves a dispute between Dennis Micklon on one hand and Arthur and Lynn C. Dudley on the other. Micklon and the Dudleys own lots in the Lincoln West Subdivision near Libby, Montana: Micklon owns Lot 6 and the Dudleys own Lots 3 and 4. The dispute concerns a 3,000-square-foot shop the Dudleys constructed on Lot 3, in violation of a subdivision covenant ("paragraph 6") which states that "[n]o lot shall be used for any purpose except residential use."

¶3     In June 2005, Micklon filed suit against the Dudleys in the District Court for the Nineteenth Judicial District, Lincoln County. Micklon sought an order requiring the Dudleys to remove the shop from Lot 3. The District Court, however, concluded that the shop qualified as a "residential use" and, therefore, that the shop did not violate paragraph 6. The court did not find that the shop itself served a residential purpose. Rather, the court found that the shop was "actively 'used in conjunction with' " the Dudleys' residential dwelling on Lot 4. The court thus reasoned that the shop was "an appurtenance" to the Dudleys' residence.

¶4      We reversed the District Court's judgment in *Micklon v. Dudley* ("*Micklon I*"), 2007 MT 265, 339 Mont. 373, 170 P.3d 960.  We explained that "when a restrictive covenant limits a subdivision lot's use to 'residential use,' a non-residential structure that is placed on that lot without an accompanying residential dwelling *on the same lot* violates the covenant, notwithstanding the fact that the structure is used in conjunction with a residential dwelling on an adjoining lot."  *Micklon I*, ¶ 19 (emphasis added).  Accordingly, because the Dudleys' shop was constructed on a lot unaccompanied by a dwelling house on the same lot, we held that the District Court had erred in concluding that the shop did not violate paragraph 6.  *Micklon I*, ¶ 19.

¶5      On remand, the District Court observed that "[t]here are two ways the Dudleys' use of [Lot 3] can be brought into compliance with paragraph 6 of the subdivision covenants; they can either remove the garage, or they can construct a residence on the lot."  The court noted, however, our decision in *Tipton v. Bennett*, 281 Mont. 379, 934 P.2d 203 (1997), which involved a factual scenario similar to the instant lawsuit.  The Bennetts' 3,200-square-foot building violated a covenant that restricted use of their property to "residential purposes."  The district court in that case, therefore, ordered the Bennetts either to remove the building within six months or to construct a residential dwelling on the premises within one year.  *Tipton*, 281 Mont. at 382-83, 934 P.2d at 205.  We disapproved the latter alternative remedy:

> This later [sic] provision assumes that any building used incidental to a residence is permissible under the covenant.  We hold that this interpretation of the covenant is too broad.  The covenant clearly and unambiguously restricts usage to "residential purposes."  The question is whether a large storage building qualifies as "for residential purposes."

3

> The District Court's own factual findings do not support such a conclusion. In [*Hillcrest Homeowners Ass'n v. Wiley*, 239 Mont. 54, 778 P.2d 421 (1989)], we recognized that a *garage* "is a proper appurtenance necessary to the enjoyment of a dwelling house . . . ." *Hillcrest*, 778 P.2d at 423. In the present suit, the District Court acknowledged that the structure is not a garage; rather it is a 3,200 square foot storage building. With or without a residence, a 3,200 square foot storage building is not an appurtenance necessary to the enjoyment of a dwelling house.

*Tipton*, 281 Mont. at 383, 934 P.2d at 205-06 (ellipsis in *Tipton*). The Bennetts' building violated the covenant not only because it stood alone without a dwelling, but also because a 3,200-square-foot storage building "is not consistent with 'residential purposes.' " *Tipton*, 281 Mont. at 383, 934 P.2d at 206. Accordingly, we reversed the district court's order to the extent it allowed the Bennetts to keep the storage building on the condition that they construct a residence on the property within one year. *Tipton*, 281 Mont. at 383, 934 P.2d at 205, 206.

¶6      In the case at hand, the District Court distinguished *Tipton* on the ground that "the Dudleys' garage cannot be classified as an 'unnecessary appurtenance' to a dwelling house." The court "appreciate[d] that Micklon would like the Court to order the Dudleys to tear down and haul away their garage, jackhammer out the concrete slab, and start over from square one." However, the court observed that its "responsibility is not to impose the greatest possible financial pain on the Dudleys, but rather to require them to come into compliance with the subdivision's covenants." Accordingly, the District Court entered the following order (dated November 27, 2007): "No later than May 1, 2008, the Dudleys shall remove the garage situated on lot 3 of the Lincoln West Subdivision.

4

Alternatively, no later than May 1, 2008, the Dudleys shall begin construction of a residence on lot 3 that complies with the subdivision covenants."

¶7 Micklon now appeals. In essence, he contends that the Dudleys' shop could never qualify as "an appurtenance necessary to the enjoyment of a dwelling house." *Tipton*, 281 Mont. at 383, 934 P.2d at 206. He points to the following language in *Hillcrest Homeowners Ass'n v. Wiley*, 239 Mont. 54, 778 P.2d 421 (1989): " 'A private garage is a proper appurtenance necessary to the enjoyment of a dwelling house and does not violate a "for residence purposes only" covenant.' " *Hillcrest*, 239 Mont. at 57, 778 P.2d at 423 (quoting *Sandy Point Improvement Co. v. Huber*, 613 P.2d 160, 163 (Wash. App. 1980)). Based on this passage, Micklon argues that the Dudleys' shop could not qualify as a "private garage . . . necessary to" the enjoyment of any house the Dudleys might build on Lot 3. He asserts that whereas "a 'garage' is to provide the function of an 'ancillary' appurtenance to the residence structure situated on a subdivision lot," any residential structure the Dudleys built on Lot 3 would itself be "ancillary" to their shop, given the shop's "mammoth" size. Micklon also argues that the Dudleys' 3,000-sqaure-foot shop and the 3,200-square-foot storage building at issue in *Tipton* are materially indistinguishable in terms of size and nature of use. He contends that both structures are "huge" and used for a host of purposes other than parking two or three cars.

¶8 In response, the Dudleys maintain that their shop qualifies as a residential use. They point to the District Court's finding that the shop "is not just an amorphous 'large storage building,' " but rather "is actively incorporated into the Dudley's [sic] daily routine."

¶9 The Dudleys also inform us that, notwithstanding the District Court's order that they either "remove the garage situated on lot 3" or "begin construction of a residence on lot 3 that complies with the subdivision covenants," the Dudleys instead commissioned a boundary-line adjustment on December 27, 2007 (a month after the District Court entered judgment). According to the Dudleys, the boundary-line adjustment combined Lot 3 and Lot 4 into one lot—Lot 3A. The Dudleys suggest that because their shop on former Lot 3 has been "actively 'used in conjunction with' " their residential dwelling on Lot 4 (as the District Court found), the boundary-line adjustment combining the two lots into Lot 3A effectively brought the shop into compliance with paragraph 6 of the subdivision covenants.

¶10 The Dudleys' decision to raise this new legal theory on appeal and their attempt to supplement the record in support of this theory are both highly inappropriate. It is well-established that " 'the parties on appeal are bound by the record and may not add additional matters in briefs or appendices.' " *Bahm v. Southworth*, 2000 MT 244, ¶ 11, 301 Mont. 434, ¶ 11, 10 P.3d 99, ¶ 11 (quoting *Groves v. Clark*, 1999 MT 117, ¶ 22, 294 Mont. 417, ¶ 22, 982 P.2d 446, ¶ 22); *accord Anderson v. Stokes*, 2007 MT 166, ¶ 57, 338 Mont. 118, ¶ 57, 163 P.3d 1273, ¶ 57. It is equally well-established that this Court "will not address a party's new argument or a party's change of legal theory on appeal." *Dayberry v. City of East Helena*, 2003 MT 321, ¶ 24, 318 Mont. 301, ¶ 24, 80 P.3d 1218, ¶ 24 (citing *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15); *accord Kellogg v. Dearborn Information Services*, 2005 MT 188, ¶ 15, 328 Mont. 83, ¶ 15, 119 P.3d 20, ¶ 15.

¶11    Accordingly, we will not consider the Dudleys' contention that the post-judgment creation of Lot 3A brought their shop into compliance with paragraph 6.  Rather, we affirm the District Court's judgment on the ground that this case is distinguishable from *Tipton*.  Unlike the storage building at issue in *Tipton*, the District Court found in this case that the Dudleys' shop was actively incorporated into the Dudleys' daily routine, that it was actively used in conjunction with their residence, and that it was not serving a commercial purpose.  These findings are supported by substantial evidence.  Thus, we cannot agree with Micklon that the Dudleys' shop could never qualify as "an appurtenance necessary to the enjoyment of a dwelling house." *Tipton*, 281 Mont. at 383, 934 P.2d at 206.  Indeed, in light of the District Court's findings, it is clear that the shop essentially was an appurtenance being used in conjunction with a dwelling house; the problem was that the dwelling house was not on the same lot. *See Micklon I*, ¶¶ 17-18.  If the Dudleys construct a residence on Lot 3, and if the shop is then used in conjunction with and as an appurtenance necessary to the enjoyment of *that residence*, then Lot 3 will no longer be in violation of paragraph 6.

¶12    We acknowledge the statement in *Hillcrest*, cited by Micklon, that " '[a] private garage is a proper appurtenance necessary to the enjoyment of a dwelling house and does not violate a "for residence purposes only" covenant.' " *Hillcrest*, 239 Mont. at 57, 778 P.2d at 423.  However, we do not agree with Micklon's suggestion that *only* a private, two- or three-car garage may be a proper appurtenance necessary to the enjoyment of a dwelling house.  The quoted language from *Hillcrest* does not support such a conclusion.

¶13 On the basis of the record and having considered the parties' arguments, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of this Court's 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. We review a district court's findings of fact to determine whether the findings are clearly erroneous, *Micklon I*, ¶ 7, and Micklon has failed to establish that the District Court's findings are clearly erroneous. Accordingly, we conclude that this appeal is without merit.

¶14 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM RICE