Elaine WENTZ, Plaintiff,

v.

ALBERTO CULVER COMPANY, a Dela-
ware Corporation, Defendant.

No. 1382.

United States District Court
D. Montana,
Helena Division.

Jan. 27, 1969.

Thomas H. Mahan, Helena, Mont., Ro-
land V. Colgrove, Miles City, Mont., John
Marriott Kline, L. Neil Axtell, Glasgow,
Mont., for plaintiff.

Keller, Magnuson & Reynolds, Drake
& DeGrandpre, Helena, Mont., Jardine,
Stephenson, Blewett & Weaver, Great
Falls, Mont., for defendant.

RUSSELL E. SMITH, Chief Judge.

This opinion is concerned with the
problem of relation back under Rule 15
(c) of the Rules of Civil Procedure as
amended in 1966, and with the problem of
jurisdiction arising upon the removal of
a case to this court from the state court
by a corporation nonexistent under the
description of it used in the removal
petition.

The facts are these: On January 31,
1966, plaintiff filed in the state court
a complaint charging Alberto-Culver
Company, an Illinois corporation (here-
after called the Illinois corporation) with
negligence and breach of an implied war-
ranty in connection with the manufac-
ture and distribution of Alberto Culver

VO–5 hair spray. At that time there was no such Illinois corporation. It had been dissolved in 1961 and its assets acquired by Alberto-Culver Company, a Delaware corporation (hereinafter called the Delaware corporation). That corporation first had notice of the action on February 15, 1966. Although service of summons was not made on anyone until May 20, 1966, the Delaware corporation did on March 5, 1966 advise Montana counsel that it was not an Illinois corporation, and directed Montana counsel to resist the jurisdiction of the Montana courts. On June 8, 1966 a petition for removal was filed in this court accompanied by a bond. The petition for removal alleged "the defendant Alberto-Culver Company, an Illinois corporation at the time this action was commenced, *was and still is* a citizen of the State of Illinois."[1] The petition contained no allegation as to the principal place of business of the petitioner. The bond was signed Alberto Culver Company, by its attorney, and by the United States Fidelity and Guaranty Company as surety. Thereafter a motion to quash service of summons was made in the name of the Illinois Corporation, and was granted. Another summons was served and another motion to quash made in the name of the Illinois corporation. This motion was denied. Finally on July 31, 1967, more than a year after the initial appearance, an answer was filed by the Illinois corporation, which alleged as a Third Defense that it had been dissolved in 1961 and that it "is not in existence and was not in existence at any of the times mentioned in plaintiff's Complaint." On March 5, 1968 plaintiff finally got around to filing a motion to amend the complaint to change the name of defendant from Alberto-Culver Company, an Illinois Company, to Alberto-Culver Company, a Delaware corpora-

tion. The proposed amended complaint was lodged with the clerk on March 29, 1968. Defendant resists the motion to amend the complaint on the ground that plaintiff's action is barred by Section 93–2605(3), R.C.M.1947, providing a three year limitation for tort actions. The facts relative to the accrual of the cause of action so far as they are disclosed by the proposed amended complaint are: Plaintiff purchased the hair spray February 1, 1963. She used it from February to October, 1963. At some undisclosed time she became ill.

Rule 15(c), Rules of Civil Procedure, as amended July 1, 1966, provides that an amendment changing parties may relate back to the filing of the complaint if the party to be brought in received notice of the "institution of the action" within the period provided by law for commencing the action. The Delaware corporation, although advised that plaintiff was claiming damages on account of her use of the spray, as early as 1964,[2] did not know of the institution of the action until February 15, 1966.

 The motion to amend is granted and in any further problems relating to limitations the court will hold that January 31, 1966, the date upon which the complaint was filed in the state court, (one day less than three years after the purchase), is the crucial date. This result is not reached by an application of that portion of Rule 15(c) added by the 1966 amendment and could not be reached under that portion of the rule because notice of the existence of a claim is not "notice of the institution of the action." The court holds that there is a difference between correcting a misnomer and changing a party and that a misnomer may be corrected under the amendment power expressed in the first sentence of Rule 15(c). Prior to the

---

1. The attorney who signed and verified the petition for removal is now dead and for that reason the court has not inquired into the propriety of what was done here.

2. The Delaware Company had employed an investigator to do some investigation and

negotiation. He sought information from the plaintiff concerning her claim. There was no deception employed by the investigator as to the identity of the defendant.

amendment of Rule 15 in 1966, and when that rule contained only what is now the first sentence there was respectable authority [3] which permitted an amendment to correct a misnomer and which related it back to the filing of the complaint. In this case the corporate name of the defunct Illinois corporation and of the extant Delaware corporation was Alberto-Culver Company. Words designating the state of incorporation were not a part of either name. At the time the complaint was filed there was but one Alberto-Culver Company and it was the Delaware corporation. Before the complaint was filed correspondence addressed to Alberto-Culver Company reached the Delaware corporation which, through its agents, responded in the name of Alberto-Culver Company. The process served in tihs case reached the Delaware corporation whose agents, on at least one occasion, receipted for the complaint and summons with the signature "Alberto Culver Co."

■ Since the 1966 amendment did not change the first sentence of Rule 15(c), and since the purpose of the amendment was to liberalize rather than to restrict the right to amend, the vital-

ity of the authority cited in footnote 3, supra, has not been diminished.[4]

■ In the course of reviewing the file in connection with the problems relating to the amendment, problems of jurisdiction, not mentioned by counsel, have come to the court's attention. As indicated, the petition for removal was ostensibly filed on behalf of the Illinois corporation which the court now knows to have been nonexistent. It is probable that the ghost of a dissolved corporation could not effectuate a removal. If it could, the petition was still defective in that it did not negate Montana as the principal place of business of the corporation.[5] A presence has been felt in this court; a petition was filed, a bond was filed, motions were made, stipulations were entered into. There was a viable presence here. That presence was of course the Delaware corporation. It is probable that at the time the removal petition was filed diversity of citizenship did exist, and that wherever the Delaware corporation's place of business, it was not Montana. Since the court has held that the Delaware corporation was the defendant from the beginning, it is consistent to give that corporation a right to amend[6] its petition for removal.

3. County Theatre Co. v. Paramount Film Dist. Corp., 166 F.Supp. 221 (E.D.Pa. 1958), aff'd sub. nom. Shapiro v. Paramount Film Dist. Corp., 274 F.2d 743 (3 Cir. 1960).

Defendant relies upon the case of Martz v. Miller Brothers Company, 244 F.Supp. 246 (D.Del., 1966) which may be to the contrary. In that case there was a corporation in existence bearing the name used in the complaint sought to be amended—not so here. In this case the misnomer was caused by the use of words which were not a part of the name of the defendant named in the complaint, or of the corporation sought to be sued—not so in *Martz*. There the words which had to be changed were a part of the corporate names rather than words unnecessarily used to describe the corporation. If these differences do not fairly distinguish *Martz*, then the court here refuses to follow it.

4. The court deems the correction of misnomers to be a matter of federal proce-

dural law, and under the theory here adopted it has been unnecessary to determine when the cause of action accrued under state law. If the case should ultimately be decided in the state court and if the state court determines as a matter of its own procedure that a different rule as to misnomers should apply, the state court may be faced with the problem under its own Rule 15 of whether the cause of action accrued before the Delaware corporation had knowledge of the institution of the action. If so, it will be free to choose from among the several alternatives (See 11 A.L.R.2d 277) unembarrassed by any opinion of this court.

5. 1A Moore's Federal Practice, 2d ed., pp. 1203–1204.

6. Where jurisdiction did in fact exist, this may be done. Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5 Cir. 1961); 1A Moore's Federal Practice 2nd ed., p. 317.

It is ordered that the defendant, Alberto-Culver Company, a Delaware corporation, shall, if so advised, file a petition to amend the petition for removal within twenty (20) days from the filing of this order. If such petition is not so filed the court will, after a hearing to determine the assessment of costs for improvident removal, remand this case to the state court. The order staying proceedings, except of course as to the matters required by this order, is continued in force.