No. 13884

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

JOSEPH LaFOREST,

Plaintiff and Appellant,

-vs-

TEXACO, INC., A CORPORATION,

Defendant and Respondent.

---

Appeal from:  District Court of the Second Judicial District,
Honorable James Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

Greg J. Skakles argued, Anaconda, Montana
Leonard Haxby, Butte, Montana

For Respondent:

Corette, Smith and Dean, Butte, Montana
Kent Willis argued and R. D. Corette, Jr. appeared, Butte,
Montana
Paul E. Egan, Los Angeles, California

---

Submitted:  September 18, 1978

Decided:  NOV 1978

Filed: NOV 1978

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In an action for damages for tortious interference with plaintiff's business relationship with a third party, the District Court of Silver Bow County granted defendant summary judgment on the basis that his action was barred by the statute of limitations. Plaintiff appeals.

Plaintiff claims that the alleged tortious conduct occurred on February 1, 1973. He claims that Texaco instructed the successor lessee of the service station in Butte, Montana, which plaintiff operated, not to purchase any items of inventory and equipment from him.

On January 23, 1976, plaintiff filed a complaint in the District Court of Silver Bow County. The complaint names "Ronald Leland and Company and E. K. Williams Company" as the defendants rather than Texaco although it refers to the lease agreement entered into by plaintiff for the operation of the Texaco Service Station. The named defendants had no connection with the transaction forming the basis of plaintiff's complaint. Texaco was never served with a copy of this complaint.

The body of the complaint clearly implies some kind of error had occurred in the caption and that Texaco was the intended defendant although its name does not appear therein. The complaint alleged defendant intentionally and maliciously interfered with negotiations appellant had undertaken for the sale of his equipment, fixtures and inventory and stated that the actions of defendant were in violation of a provision of the Federal Anti-Trust Laws, Title 15, §14 of the United States Code. On March 12, 1976, an amended complaint was filed realleging verbatim the original complaint but substituting Texaco, Inc. as the party defendant. Service was made and returned on March 29, 1976.

On April 7, 1976, Texaco filed consolidated motions to dismiss, one of the grounds being that suits for violation of

the Anti-Trust Laws must be brought in Federal Court.

On June 16, 1976, the District Court entered an order dismissing the action without prejudice, for the reason the Court did not have jurisdiction over the subject matter.

On September 24, 1976, appellant filed a second amended complaint deleting reference to the Federal Statutes and basing the claim on two provisions of the Montana Unfair Practices Act, Sections 51-101 and 51-103, R.C.M. 1947. The District Court denied the objections of Texaco to the second amended complaint.

On October 29, 1976, Texaco filed its answer raising the bar of the three-year statute of limitations. The answer claimed that since no complaint naming Texaco, Inc. as a defendant had been filed until after the three-year statute of limitations had expired, plaintiff was barred from recovering.

Plaintiff claimed that his amended complaints naming Texaco as the party defendant related back to the time of the filing of the original complaint; he also contended that Texaco was estopped from raising the statute of limitations as a defense because an exchange of letters dating back to 1975 had allegedly misled plaintiff into delaying the filing of his action.

After discovery proceedings Texaco moved for summary judgment on April 21, 1977. Following hearing and argument, the District Court granted Texaco's motion for summary judgment on the grounds that plaintiff's action was barred by the statute of limitations. This appeal followed.

Appellant raises two issues upon appeal:

1) Do the amended complaints relate back to the date of filing of the original complaint?

2) Is Texaco estopped from relying on the statute of limitations as its defense?

Plaintiff argues that the tortious conduct complained of occurred on February 1, 1973, giving him until February 1, 1976,

to file his action. The original complaint in which Texaco is not named as defendant was filed before February 1, 1976. The amended complaint substituting Texaco as party-defendant was filed after February 1, 1976. These facts are not disputed.

Rule 15(c), M.R.Civ.P., amended in 1967, provides in pertinent part:

> "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The Advisory Committee's note to this rule explains the change made by the 1967 amendment, which added the second sentence:

> "This amendment is designed to avoid problems which have arisen in instances in which the complaint named the wrong defendant and the statute of limitations expired prior to an amendment correcting the error. Where the newly named defendant received notice of the action and knew or should have known that he was the intended defendant, it seems unjust to prohibit relation back."

Appellant argues that the District Court improperly applied Rule 15(c) by denying relation back in this case. A summary of the reasoning and applicable law on the question of relation back has been stated in this language:

> "If plaintiff had in mind initially the proper entity or person and actually had served that intended person or entity, then it is clear that the amendment would be permitted even though the statute of limitations had run as to the person so misnamed in the process and complaint, because the person or entity would already be in court, would have had adequate notice of the pendency of the action, and, therefore, there would be no prejudice to the person or entity by allowing the amendment. However, when the effect of the amendment is to bring before the Court for the first time a completely different person or entity which

had not previously had notice of the suit and such amendment, assuming it would relate back, occurs after the applicable statute of limitations has run, then the new person or entity would be prejudiced and the amendment is not allowed . . .

"The addition or substitution of parties who had no notice of the original action is not allowed. Substitution of a completely new defendant creates a new cause of action. Permitting such procedure would undermine the policy upon which the statute of limitations is based." (Citations omitted.) Munetz v. Eaton Yale & Towne, Inc. (E.D.Pa. 1973), 57 F.R.D. 476, 480-481.

The first sentence of this citation from Munetz refers to what is commonly called the "misnomer" rule. We hold the "misnomer" rule is inapplicable to this case.

"The 'misnomer' rule affording relief from the statute of limitations applies to situations in which the plaintiff has actually sued and served the correct party, the party he intends to sue, but merely mistakenly used the wrong name of the defendant." People of the Living God v. Star Towing Co. (E.D.La. 1968), 289 F.Supp. 635, 641.

"Misnomer" cases are myriad, and usually involve the misspelling of a party's name or an error in naming a corporate defendant, for example, by suing a subsidiary corporation rather than the parent corporation. See Wentz v. Alberto Culver Company (D.Mont. 1969), 294 F.Supp. 1327.

Contrasted to this type of case is the case where a completely new party is named as defendant in which case the doctrine of relation back does not apply. In Baker v. Ferguson Research, Inc. (D.Mont. 1974), 61 F.R.D. 637, plaintiff initially sued Western Land Roller Company, whom he thought to be the manufacturer of a snow scraper that caused plaintiff's injury. The machine was actually a product of Ferguson Research, Inc. The doctrine of relation back was held not to apply and the statute of limitations was held to have barred the action. This case is a Baker type case rather than a Wentz type case. Plaintiff did not sue and serve the correct party before the statutory time limit had run, so the "misnomer" rule does not apply.

The second sentence of Rule 15(c) requires that for

"relation back" to occur under these circumstances, the party sought to be sued must have had notice of the institution of the action. Such is not the case here. Notice of existence of a claim is not "notice of the institution of the action", Wentz, supra, at 1328. "[A]ction, as used in Rule 15(c), means a lawsuit and not the incident giving rise to a lawsuit. The relevant words are 'notice of the institution of the action'. A lawsuit is instituted; an incident is not." Craig v. United States (9th Cir. 1969), 413 F.2d 854, 858. For the foregoing reasons we hold the doctrine of "relation back" does not apply to this case and that plaintiff's action is barred by the three-year statute of limitations.

Plaintiff next argues that Texaco is estopped from raising the statute of limitations as a defense because Texaco led him to believe that a settlement might be possible to lull him into a sense of inaction.

The general rules covering estoppel to plead limitations appear in 53 C.J.S. Limitations of Actions §25. Six essential elements giving rise to equitable estoppel have been most recently set forth in Keneco v. Cantrell (1977), ____Mont.____, 568 P.2d 1225,/ 34 St.Rep. 1063. Here, two of those necessary elements to invoke equitable estoppel are not present: (1) Conduct amounting to a misrepresentation or concealment of material facts and (2) reliance thereon by the complaining party. Here there was no representation or concealment of material facts by Texaco and plaintiff did not rely upon such to his detriment. Plaintiff, in fact, filed his original complaint before the statute of limitations was expired.

Finally, Texaco seeks an award of costs and attorney's fees for a frivolous appeal under Rule 32, M.R.App.Civ.P. While we have found that the arguments advanced by plaintiff in regard to this appeal not controlling, his contentions are certainly arguable. Consequently, we deny Texaco's request for costs and

attorney's fees.

The order of the District Court granting summary judgment in favor of Texaco, Inc. is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

_____
Hon. Peter G. Meloy, District
Judge, sitting in place of Mr.
Justice Daniel J. Shea.

- 7 -