No. 85-474

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

ALLEN KELLER,

        Plaintiff and Appellant,

  -vs-

STEMBRIDGE GUN RENTALS, and ABC
MANUFACTURING,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Anderson, Edwards & Molloy; Donald W. Molloy argued,
Billings, Montana

    For Respondent:

        Murphy, Robinson, Heckathorn & Phillips; Debra D.
Parker argued, Kalispell, Montana
Beaudry & Brown; Don F. Beaudry, Los Angeles,
California

---

Submitted: April 1, 1986

Decided: June 3, 1986

Filed: JUN 3 - 1986

---

Clerk

Mr. Justice John C. Harrison, delivered the opinion of the Court.

This is an appeal from an order of the District Court of the Eleventh Judicial District in and for Flathead County, Montana, granting defendant summary judgment. The court held plaintiff's claim was barred because the relation back rule did not apply and the statute of limitations is not tolled. We affirm.

The question on appeal is whether the statute of limitations is tolled on the date the original complaint was filed when the complaint incorrectly names the defendant and his true name is discovered later and submitted by amendment. We hold it is not.

The plaintiff, Keller, sustained personal injuries during the filming of the movie Heaven's Gate in August, 1979. He was issued a Sharps Buffalo Rifle which exploded while he was using it in the performance of his role. The gun was in one piece and ostensibly safe when it was issued to him, but was blown apart and in many pieces after he fired blanks from it.

Section 27-2-204, MCA, the three year statute of limitations for tort actions, had nearly run when Keller filed his original complaint in August, 1982, naming Ellis Rental a/k/a Ellis Mercantile. Keller believed Ellis had supplied the gun which exploded. ABC Manufacturing, a fictitious party defendant, also was named.

Interrogatories served on Ellis with the complaint revealed Ellis did not supply the weapon. The affidavit of one Robert Visciglia, the film crew's property manager, whose duties included accounting for and distributing weapons,

supported this fact, and Ellis' motion for summary judgment was granted October 11, 1983.

An amended complaint, filed June 25, 1983, naming Stembridge Gun Rentals as defendant, was served March 29, 1984. Stembridge appeared and moved for summary judgment, arguing the statute had run. The District Court, relying on LaForest v. Texaco, Inc. (1978), 179 Mont. 42, 585 P.2d 1318, granted the motion, reasoning the relation back rule did not apply. Keller appeals.

The issue can be resolved by analyzing Rule 15(c), M.R.Civ.P.:

Rule 15(c) provides in pertinent part:

Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The critical language in this instance is in the second sentence of the rule. There is no evidence Stembridge received notice of the institution of the action or that it knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it. It is agreed the party against whom the claim is made is changed. When Keller discovered Ellis had not supplied the gun which exploded, he amended the complaint, naming Stembridge. The crux of the problem is whether Stembridge is a new party to the action.

- 3 -

This is not a case that falls under the "misnomer" rule where a plaintiff sues and serves the correct party but merely mistakenly uses the wrong name of the defendant. LaForest, supra, 179 Mont. at 47, 585 P.2d at 1320. Rather, this situation is governed by § 25-5-103, MCA:

> When a plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleadings or proceedings may be amended accordingly.

These circumstances present more than mere ignorance of the names of the proper defendant. Keller originally sued the wrong entity. The caption on the complaint indicates the designation of a fictitious party relates only to the unknown manufacturer:

ALLEN KELLER,

    Plaintiff,

    v.

ELLIS RENTAL, a/k/a
ELLIS MERCANTILE, and
ABC MANUFACTURING,

Defendant No. 1 is the correct
designation of the entity that
provided the "Sharps Buffalo
Gun" herein, on the occasion
of its explosion; Defendant No. 2
represents an entity that
manufactured or sold the gun
to Ellis Rental. Plaintiff
affirms that the actual name of
the fictitious party designated
herein is unknown to him at this
time but will be added by amendment
when ascertained.

    Defendants.

Keller is attempting to bring a completely new party before the Court after the statute of limitations has run. The caption makes it clear he was satisfied Ellis Rental had supplied the Buffalo gun. The use of a fictitious name in

the caption was specifically intended for the unknown manufacturer of the gun.

Both LaForest, supra, and § 25-5-103, MCA, allow the statute of limitations to be tolled as to a fictitious party on the date of the original complaint. A fictitiously named defendant is notice that plaintiff is ignorant of the true name and is attempting to discover the true name. Neither § 25-5-103 nor LaForest allows substitution of the proper defendant after discovering the wrong defendant was sued.

> The addition or substitution of parties who had no notice of the original act is allowed. Substitution of a completely new defendant creates a new cause of action. Permitting such a procedure would undermine the policy upon which the statute of limitations is based. (Citations omitted.)

LaForest, supra, 585 P.2d at 1320, 179 Mont. at 46. Citing Munez v. Eaton and Towne, Inc. (E.D. Pa. 1973), 57 F.R.D. 476, 480-481.

Keller cannot meet the standard for the relation back of the amended complaint, pursuant to Rule 15(c), M.R.Civ.P. nor is he in compliance with § 25-5-103. He cannot sue Stembridge by naming Ellis as a defendant. Ellis is an entity in its own right and not a fictitious name for Stembridge. Stembridge is a new party to the action. Consequently the action is barred because Stembridge was not named until July 25, 1983--after the statute of limitations had run. The District Court properly granted summary judgment and we affirm.

_____
Justice

We Concur:

- 5 -

_____
          Chief Justice

_____

_____

_____

_____

_____
              Justices