No. 01-653

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 136

FERMIN MOLINA,

Plaintiff and Appellant,

v.

PANCO CONSTRUCTION, INC.
and JOHN DOES I-III,

Defendants and Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Michael P. Sand, Sand Law Office, Bozeman, Montana

        For Respondents:

                Scott Gratton, Brown Law Firm, Billings, Montana

                                        Submitted on Briefs: April 11, 2002

                                        Decided:  June 20, 2002

Filed:


        _____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Fermin Molina (Molina) appeals an order of the District Court for the Thirteenth Judicial District, Yellowstone County, granting Panco Construction, Inc.'s Motion for Summary Judgment on Molina's personal injury complaint. We reverse and remand for further proceedings consistent with this Opinion.

¶2    Molina raises the following issues on appeal:

¶3    1.  Does the fictitious name statute allow Molina to amend his complaint and substitute Panco Construction, Inc. for John Doe I after the expiration of the three-year statute of limitations for a negligence claim when Molina named the wrong corporation as a defendant in his original complaint?

¶4    2.  Did the District Court err in granting Panco Construction, Inc.'s Motion for Summary Judgment?

¶5    Because we hold that the District Court erred in failing to consider the provisions of Rule 4E(2), M.R.Civ.P., in conjunction with the fictitious name statute and the misnomer rule, we reverse and remand to the District Court for further proceedings on that question. Consequently, we do not address Issue 1 regarding the fictitious name statute and its effect on the three-year statute of limitations.

**Factual and Procedural Background**

¶6    In 1997, Molina was employed by Hunt Brothers Construction in Billings, Montana. On August 5, 1997, Molina was injured at a construction site when a wall fell in upon him and crushed his leg. Molina filed a complaint in the Yellowstone County District Court on July 27, 2000, alleging that Panco, Inc., as general contractor, breached its duty to Molina by

2

failing to supervise the job site and by failing to provide a safe place to work. In his complaint, Molina made the same allegations against fictitious defendants John Does I through III.

¶7 After timely filing his complaint and serving Panco, Inc., Molina learned that there are two different corporations registered in the State of Washington using the name "Panco." Panco, Inc.'s principal place of business is Walla Walla, Washington. The other corporation, Panco Construction, Inc. has its principal place of business in Spokane, Washington. The corporations are totally unrelated to each other.

¶8 When Molina discovered that the name of the actual defendant in his case was Panco Construction, Inc. and not Panco, Inc., he filed an Amended Complaint naming Panco Construction, Inc. in place of Panco, Inc. The Amended Complaint retained the fictitious defendants John Does I through III. Molina filed the Amended Complaint before Panco, Inc. filed a responsive pleading, thus, pursuant to Rule 15(a), M.R.Civ.P., leave of court to file the Amended Complaint was not required.

¶9 The Amended Complaint was filed on November 8, 2000, three months and three days after the expiration of the three-year statute of limitations for negligence claims. *See* § 27-2-204(1), MCA. Panco Construction, Inc. was served with the Amended Complaint and an amended summons. On January 9, 2001, Panco Construction, Inc. filed its answer listing as an affirmative defense that Molina's action was barred by the statute of limitations. That same day, Panco Construction, Inc. filed a Motion for Summary Judgment alleging that because Molina's complaint was barred by the statute of limitations, Panco Construction, Inc.

3

was entitled to judgment as a matter of law.

¶10 On January 22, 2001, Molina filed his response to Panco Construction, Inc.'s Motion for Summary Judgment contending that his complaint is not barred by the three-year statute of limitations because, pursuant to § 25-5-103, MCA, a fictitiously named defendant is a party to the action from its commencement and the statute of limitations stops running as to the fictitious party on the date the original complaint is filed. Molina also contended that pursuant to Rule 15(c), M.R.Civ.P., an amended complaint relates back to the date of the original complaint when the amended complaint revolves around the same set of operative facts as the original pleading.

¶11 Also on January 22, 2001, Molina filed his Motion to Amend Complaint asking the District Court to rule that his November 8, 2000 Amended Complaint sufficed to substitute Panco Construction, Inc. for John Doe I or, in the alternative, that the court grant Molina leave to file a second amended complaint substituting Panco Construction, Inc. for John Doe I. Molina subsequently moved to dismiss Panco, Inc. as a defendant.

¶12 Oral argument was held in the matter on May 11, 2001, at which time the District Court granted Molina's request for supplemental briefing. After the filing of the supplemental briefs and after further oral argument, the District Court issued its Memorandum and Order on July 2, 2001, wherein the court granted Panco Construction, Inc.'s Motion for Summary Judgment. The court, however, did not rule on Molina's January 22, 2001 Motion to Amend Complaint.

¶13 Molina appeals the District Court's order granting Panco Construction, Inc.'s Motion

4

for Summary Judgment.

## Standard of Review

¶14    Our standard of review in appeals from summary judgment rulings is *de novo*. *Oliver v. Stimson Lumber Co.*, 1999 MT 328, ¶ 21, 297 Mont. 336, ¶ 21, 993 P.2d 11, ¶ 21 (citing *Motarie v. N. Mont. Joint Refuse Disposal* (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; *Mead v. M.S.B., Inc.* (1994), 264 Mont. 465, 470, 872 P.2d 782, 785). When we review a district court's grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. *Oliver*, ¶ 21 (citing *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903). We set forth our inquiry in *Bruner* as follows:

> The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Oliver*, ¶ 21 (quoting *Bruner*, 272 Mont. at 264-65, 900 P.2d at 903). "Summary judgment is an extreme remedy which should never be substituted for a trial if a material factual controversy exists." *Montana Metal Buildings., Inc. v. Shapiro* (1997), 283 Mont. 471, 474, 942 P.2d 694, 696 (*Clark v. Eagle Systems, Inc.* (1996), 279 Mont. 279, 283, 927 P.2d 995, 997).

## Discussion

¶15    *Did the District Court err in granting Panco Construction, Inc.'s Motion for Summary Judgment?*

5

¶16   Molina argues that not only did the District Court err in granting Panco Construction, Inc.'s Motion for Summary Judgment, it erred in dismissing Molina's complaint and in not allowing Molina to file a second amended complaint to substitute Panco Construction, Inc. for John Doe I.  Molina contends that these errors occurred because the District Court failed to apply the provisions of Rule 4E(2), M.R.Civ.P., in conjunction with § 25-5-103, MCA, the fictitious name statute.

¶17   Molina also argues that the District Court erred by requiring Molina to comply with the notice provisions of the second sentence of Rule 15(c), M.R.Civ.P., the misnomer rule, and by requiring that a plaintiff must name one real defendant before the running of the statute of limitations and retain that defendant in an amended complaint in order to utilize the fictitious name statute.

¶18   First, Molina points out that the District Court compounded the problem in this case by incorrectly stating in its July 2, 2001 Memorandum and Order that at the first oral argument on May 11, 2001, the court had orally granted Molina's "motion for leave to file an amended complaint naming defendant Panco Construction, Inc. and John Does I-III."  Molina claims that he never asked the court to allow him to file an amended complaint naming Panco Construction, Inc. and retaining John Does I through III as defendants because such a request would have been tantamount to asking the court to substitute Panco Construction, Inc. for Panco, Inc. in violation of the rule set out in *Keller v. Stembridge Gun Rentals* (1986), 221 Mont. 352, 719 P.2d 764.

6

¶19 In *Keller*, the plaintiff was injured when a gun exploded. Plaintiff's original complaint in that case named Ellis Rental a/k/a Ellis Mercantile as the provider of the gun and ABC Manufacturing as the fictitious defendant that manufactured the gun. Discovery revealed that Stembridge Gun Rentals was the actual supplier of the gun and not Ellis Rental. Plaintiff moved to amend his complaint to directly substitute Stembridge Gun Rentals for Ellis Rental asserting that Ellis Rental was a fictitious name for Stembridge Gun Rentals. Stembridge Gun Rentals moved for summary judgment arguing that the statute of limitations had run. The District Court ruled that the substitution of a completely new defendant creates a new cause of action, thus the court granted Stembridge's motion and dismissed the case.

¶20 This Court determined in *Keller* that the designation of a fictitious party in the complaint related only to the unknown manufacturer and not to the supplier of the gun. Hence, we held that substitution of a completely new defendant creates a new cause of action and permitting such a procedure would undermine the policy upon which the statute of limitations is based. *Keller*, 221 Mont. at 355, 719 P.2d at 766 (citing *LaForest v. Texaco, Inc.* (1978), 179 Mont. 42, 46, 585 P.2d 1318, 1320).

¶21 In the case *sub judice*, Molina is correct that *Keller* would have controlled in relation to his Amended Complaint and that that complaint would have been barred by the statute of limitations since Panco Construction, Inc. would have been a new party. Consequently, rather than asking the District Court to substitute Panco Construction, Inc. for Panco, Inc., as the District Court assumed he had done, Molina argues that he asked the court, in his November 8, 2000 motion, to rule that his first Amended Complaint sufficed to substitute

Panco Construction, Inc. for John Doe I, or, in the alternative, to grant him leave to file a second amended complaint substituting Panco Construction, Inc. for John Doe I. Thus, Molina contends that Panco Construction, Inc. is *not* a new party to this action but a presently identified, formerly fictitiously named defendant and as such, Panco Construction, Inc. was a party from the filing of Molina's original complaint.

¶22 Panco Construction, Inc. argues on the other hand, that Molina attempted to entirely replace a mistakenly named defendant with a correctly named defendant, thus Molina did not meet the notice requirements of Rule 15(c), M.R.Civ.P., which provides:

> **Relation back of amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) *has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits*, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. [Emphasis added.]

However, Panco Construction, Inc. concerns itself only with Molina's first Amended

8

Complaint and all of the arguments in Panco Construction, Inc.'s response brief are based on Molina's first Amended Complaint and the assumption that Molina was attempting to directly substitute Panco Construction, Inc. for Panco, Inc. As we have already noted, Molina's first Amended Complaint would have been barred by the statute of limitations under *Keller*, since Panco Construction, Inc. would have been a new party. That is not the case, however, with Molina's Motion to Amend Complaint wherein Molina requests leave of court to amend his complaint to substitute Panco Construction, Inc. for John Doe I, one of the fictitiously named defendants.

¶23 Nevertheless, Panco Construction, Inc. argues that because Molina was not ignorant of Panco Construction, Inc.'s name, Panco Construction, Inc. was not a fictitiously named defendant under § 25-5-103, MCA, which provides:

> **Suing a party by a fictitious name.** When the plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleadings or proceedings may be amended accordingly.

Panco Construction, Inc. maintains that ignorance of the name of the defendant required for use of the fictitious name statute does not include ignorance that could be removed by mere inquiry or by reasonable diligence in determining the true identity of the defendant. Here, Panco Construction, Inc. points out that Molina was aware that the name of the company was "Panco" and that its headquarters were in Washington state. Panco Construction, Inc. alleges that reasonable diligence on Molina's part would have led Molina to the true identity of the

defendant in this case.

¶24 Molina argues that Panco Construction, Inc. raises for the first time on appeal the issue of whether a plaintiff must make reasonable inquiry to identify potential defendants as a condition of utilizing the fictitious name statute. Molina contends that this is not the law and that there is no factual record regarding Molina's attempts to identify the correct defendant. Thus, Molina maintains that if it is determined that the statute requires that a plaintiff must make reasonable inquiry to identify potential defendants as a condition of utilizing the fictitious name statute, then the case must be remanded to the District Court for a hearing.

¶25 Similarly, Panco Construction, Inc. argues that Molina is precluded from arguing Rule 4E(2), M.R.Civ.P., on appeal because Molina did not raise that argument in the court below. Rule 4E, M.R.Civ.P., provides in pertinent part:

> **Time limit for issuance and service of process.** (1) A plaintiff shall have 3 years after filing a complaint to have a summons issued and accomplish service. Unless appearance has been made by the defendant(s), the court, upon motion or on its own initiative, shall dismiss an action without prejudice if a plaintiff fails to either have the summons issued or fails to accomplish service within 3 years from the date of the filing of a complaint. The plaintiff shall file the summons with the clerk of the court within 30 days after service, however, failure to do so shall not affect the validity of service or serve as a basis for dismissal of said action.
> (2) *A plaintiff who names a fictitious defendant in the complaint, pursuant to 25-5-103, MCA, may amend the complaint to substitute a real defendant for the fictitious defendant within 3 years of filing the original complaint in the action. The 3 year time period set forth in subparagraph (1) of this rule for issuance and service begins to run, as to the newly identified*

10

*defendant, from the date of the filing of the original complaint.* [Emphasis added.]

¶26   While Panco Construction, Inc. is correct that Molina did not raise the applicability of Rule 4E(2), M.R.Civ.P., in the District Court, Molina did raise the applicability of Rule 41(e), M.R.Civ.P., in both his "Plaintiff's Response to Defendants' Motion for Summary Judgment" filed in the District Court on January 22, 2001, and his "Supplemental Brief Regarding Defendants' Motion for Summary Judgment and Plaintiff's Motion to Amend Complaint" filed on May 25, 2001.  Neither the District Court, Panco Construction, Inc., or Molina recognized that Rule 41(e), M.R.Civ.P., had been replaced by Rule 4E, M.R.Civ.P., effective January 1, 2000.

> The time limit imposed by [Rule 4E(1) and (2), M.R.Civ.P.] shall apply to all lawsuits in which the original complaints were filed on or after January 1, 2000. The provisions of Rule 41(e), M.R.Civ.P., replaced by this rule, shall apply to all lawsuits in which the original complaint was filed before January 1, 2000.

Rule 4E(3), M.R.Civ.P.  Molina filed his complaint on July 27, 2000, thus Rule 4E(2), M.R.Civ.P., would apply and the District Court should have considered the application of Rule 4E(2), M.R.Civ.P., in this case.

¶27   Therefore, given the District Court's incorrect assumption that it had already granted Molina's "motion for leave to file an amended complaint naming defendant Panco Construction, Inc. and John Does I-III," along with the District Court's failure to rule on Molina's Motion to Amend Complaint, we reverse the District Court's order granting Panco Construction, Inc.'s Motion for Summary Judgment and we remand the case back to the

11

District Court for consideration of Molina's Motion to Amend Complaint in conjunction with Rule 4E(2), M.R.Civ.P., and the effect that Rule may or may not have on § 25-5-103, MCA, the fictitious name statue, and Rule 15(c), M.R.Civ.P., the misnomer rule, in relation to the facts of this case.

¶28 Reversed and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM RICE
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler concurring and dissenting.

¶29    I concur with the majority's conclusion that the District Court erred when it granted Panco Construction, Inc.'s Motion for Summary Judgment. I dissent from the majority's conclusion that the correct disposition of this case is to remand to the District Court for further consideration of the interrelationship of Rule 4E(2), M.R.Civ.P., § 25-5-103, MCA (the fictitious name statute), and Rule 15(c), M.R.Civ.P.

¶30    The majority correctly states the standard of review of appeals from orders granting summary judgment and then completely ignores it. We have been asked to review, as a matter of law, the interrelationship of the aforementioned rules of procedure and the fictitious name statute, and apply the law to the undisputed facts in this case. Instead, we have simply brought the rules and statute to the District Court's attention and then avoided our responsibility to apply the law.

¶31    Furthermore, correct application of the law can lead to only one conclusion. The Plaintiff named fictitious defendants because he was ignorant of the true name of the Defendant. When he learned the defendant's true name, he sought to amend his complaint accordingly and because his original complaint had been filed within the statute of limitations, he had three years within which to substitute the correct defendant for a fictitious defendant. There is nothing else that the District Court can decide. Why waste everyone's time?

¶32    Section 25-5-103, MCA, provides as noted by the majority that when a plaintiff is ignorant of a defendant's name, he can designate the defendant by a fictitious name and amend his pleading accordingly when he learns of the true name. The undisputed facts come

13

squarely within the fictitious name statute. Plaintiff was obviously ignorant of the correct name of the defendant or the defendant would have been identified by his correct name. Plaintiff knew he was ignorant of the defendant's correct name or he would not have listed fictitious defendants. When the Plaintiff learned of the Defendant's correct name, he moved the District Court to substitute the Defendant for one of the fictitious defendants. The fictitious name statute requires nothing more.

¶33 The effect of compliance with the fictitious name statute on the statute of limitations could not be clearer. Rule 4E(2), M.R.Civ.P., provides that when a plaintiff names a fictitious defendant in a complaint pursuant to § 25-5-103, MCA, he may amend the complaint to substitute the real defendant for the fictitious defendant within three years after filing the original complaint. Molina fully complied with Rule 4E(2), M.R.Civ.P. His original complaint was filed prior to the expiration of the statute of limitations. His motion to amend his complaint a second time to substitute the correct defendant for a fictitious defendant was filed well within three years from the date of his original complaint. This should be the end of the inquiry. There is nothing left to decide.

¶34 Rule 15(c), M.R.Civ.P., may have been applicable to the Plaintiff's first amendment of his complaint when he substituted Panco Construction, Inc., for Panco, Inc. However, it has nothing to do with Plaintiff's motion to substitute Panco Construction, Inc., for a fictitious defendant. Rule 15(c), M.R.Civ.P., relates to the substitution of identified defendants as do the decisions relied upon by the District Court and Panco Construction, Inc. It has nothing to do with the substitution of a correct defendant for a fictitious defendant. Therefore, our decision in *Sooy v. Petrolane Steel Gas, Inc.* (1985), 218 Mont. 418, 708 P.2d 1014, applies

14

to this case and dictates its outcome. *Keller v. Stembridge Gun Rentals* (1986), 221 Mont. 352, 719 P.2d 764, and *LaForest v. Texaco, Inc.* (1978), 179 Mont. 42, 585 P.2d 1318, which were relied upon by the District Court and by Panco Construction, Inc., on its appeal, are factually distinguishable and inapplicable. There is nothing left for the District Court to decide.

¶35    I agree with the majority's conclusion that the District Court mistakenly interpreted Molina's motion and never did address his motion to file a second amended complaint. I agree with the majority's conclusion that Rule 15(c), M.R.Civ.P., and the *Keller* decision are inapplicable to the motion to file the second amended complaint. I agree that Rule 4E(2), M.R.Civ.P., applies to this case. However, having made all of those correct decisions, what I do not understand is why we do not answer the simple legal issue presented to us. Is this case barred by the statute of limitations or is it not? When we read the applicable rule and statute together, only one correct conclusion can be made. That is what we have been asked to do. Plaintiff filed a Notice of Appeal on August 7, 2001. Although the appeal has been handled as expeditiously as possible by everyone concerned, the decision will be received approximately ten months later and we have not answered the issue presented to us.

¶36    Furthermore, based on the District Court's original conclusions and Panco Construction, Inc.'s arguments on appeal, there are all sorts of potential for another incorrect decision by the District Court which would lead to another appeal, further delay, waste of judicial resources, and unnecessary expense for everyone involved.

¶37    For example, the District Court held that to address § 25-5-103, MCA, the Court must look to Rule 15(c), M.R.Civ.P. That is not correct. They are unrelated. The District Court

15

relied on our decision in *LaForest*. However, *LaForest* is inapplicable. The District Court held that § 25-5-103, MCA, requires inclusion of a correctly named defendant before a complaint can be amended to substitute a defendant for a fictitious defendant. That is obviously incorrect. What if there is only one defendant and the plaintiff does not know that person's name? Does that render the fictitious name statute null and void? Clearly it does not. Finally, the District Court concluded that before a complaint can be amended to substitute a correct defendant for a fictitiously named defendant, the notice requirements of Rule 15(c), M.R.Civ.P., must be met. Neither was that correct. This Opinion does not address any of those mistaken assumptions on the part of the District Court. There is no reason to assume they will not be made again.

¶38    On appeal, Panco Construction, Inc., did not even discuss the Plaintiff's motion to file a second amended complaint. It simply addressed the first amended complaint and contended that Rule 15(c), M.R.Civ.P., *Keller*, and *LaForest* apply. However, in passing acknowledgment that there is a fictitious name issue involved in this case, Panco Construction, Inc., contends that a plaintiff cannot be truly ignorant of a defendant's name unless the plaintiff can demonstrate reasonable diligence in determining the true identity of the defendant before the original complaint was filed. First, reasonable diligence is nowhere mentioned in the fictitious name statute and cannot be made an added requirement of the statute simply because the defendant would like it to be so. Second, there is no record in this case of the Plaintiff's diligence because the matter came before the District Court by way of Defendant's Motion for Summary Judgment and its contention that there was no issue of fact. Therefore, Plaintiff was never required to demonstrate the degree of diligence exercised

16

before filing the original complaint. Defendant's argument that Plaintiff was not truly ignorant of the Defendant's name at the time that he filed his original complaint has no merit. In the interest of judicial economy and the correct application of the law, the parties and the District Court should be told so. Instead, the majority simply observes the argument and then remands the case back to the District Court to decide all over without any guidance other than the fact that it had not previously discussed the applicability of Rule 4E(2), M.R.Civ.P. The majority Opinion simply invites further error.

¶39    For these reasons, I dissent from the majority's decision to remand this case back to the District Court "for consideration of Molina's Motion to Amend Complaint in conjunction with Rule 4E(2), M.R.Civ.P., and the effect that Rule may or may not have on § 25-5-103, MCA, the fictitious name statute, and Rule 15(c), M.R.Civ.P., the misnomer rule, in relation to the facts of this case." That is our job. We were asked to do it but did not. Based on the plain language of the fictitious name statute and the applicable rule of civil procedure, there is only one result that can follow. As a matter of law, Molina's motion to file a second amended complaint must be granted. I would order the District Court to do so and save everyone a lot of argument, time and expense.

/S/ TERRY N. TRIEWEILER

Justice Patricia O. Cotter joins in the foregoing concurrence and dissent.

/S/ PATRICIA COTTER

17

**Chief Justice Karla M. Gray, concurring in part and dissenting in part.**

¶40    I concur in the Court's analysis of Rule 15(c), M.R.Civ.P., and *Keller*, and its conclusion based thereon that Molina's first Amended Complaint would have been barred by the statute of limitations. I dissent from the Court's discussion related to, and remand based on, Rule 4E(2), M.R.Civ.P. I would affirm the District Court.

¶41    The Court acknowledges that Molina relied on Rule 41(e), M.R.Civ.P., in the District Court, and did not raise the Rule 4E(2) argument. We do not consider matters raised for the first time on appeal. *Milltown Add. Homeowner's Ass'n v. Gerry*, 2000 MT 341, ¶ 18, 303 Mont. 195, ¶ 18, 15 P.3d 458, ¶ 18. The reason, of course, is that it is unfair to ascribe error to a trial court for reasons it never had an opportunity to address. Instead of applying this well-established principle here, however, the Court observes that Rule 4E had replaced Rule 41(e) (nearly seven months prior to the filing of Molina's complaint) and that "the District Court should have considered the application of Rule 4E(2), M.R.Civ.P., in this case." I could not disagree more.

¶**42**    Molina bore the burden of advancing legal arguments and authorities which would result in a ruling in his favor. He did not do so. I am unwilling to join the Court in faulting the District Court for failing to consider a legal theory not placed before it by a party to the action. The District Court's rulings were correct with regard to the contentions advanced and that court is entitled to be affirmed. I dissent from the Court's remand.

/S/ KARLA M. GRAY