JUSTICE TRIEWEILER
concurring and dissenting.
¶49 I concur with the majority’s conclusion that the Uniform Braiding Code was correctly applied by the District Court as a matter of law and that the City was, therefore, negligent per se. I also concur that the District Court did not abuse its discretion when it granted the Plaintiffs motion for a new trial.
¶50 I concur with the majority’s conclusion that the District Court erred when it decided as a matter of law that the operation of the City’s transfer station was not an abnormally dangerous activity. However, I dissent from the majority’s refusal to apply the law correctly.
¶51 The majority correctly notes in ¶ 7 that the District Court decided the issue of whether the City’s activity was abnormally dangerous as a matter of law. As pointed out in ¶ 11 of the majority’s Opinion, both parties agree that the issue presented is a question of law. The *258 majority concludes in ¶ 18, and I agree, that whether an activity is abnormally dangerous is a question of law for the Court to decide. Finally, the majority notes in ¶ 13 that we decide issues of law de novo. The majority concludes that the issue of law was incorrectly decided and then for some inexplicable reason, remands to the District Court to decide the issue all over again without any guidance on what the correct conclusion should be.
¶52 If the question of whether the City’s activity was abnormally dangerous is a question of law; and, if the District Court was incorrect when it decided as a matter of law that the activity was not abnormally dangerous; then, as a matter of law, the activity must have been abnormally dangerous. As a matter of law, it has to be one or the other. The relevant facts are not going to change between now and the District Court’s decision. All the evidence has been presented.
¶53 A perfect example of the inadequacy of the majority Opinion is Beckman v. Butte-Silver Bow County, 2000 MT 112, 299 Mont. 389, 1 P.3d 348, on which the majority relies by way of analogy in ¶ 19 of its Opinion. In Beckman, we were asked to decide whether trenching was an inherently dangerous activity within the meaning of §§ 416 and 427 of the Restatement (Second) of Torts. We did not discuss the applicable law and then remand to the district court for the purpose of deciding it. We concluded as a matter of law that the activity in question was inherently dangerous. The only difference here is we are being asked to decide whether the transfer station is “abnormally dangerous.” We correctly decide the applicable factors. We then conclude that the answer presents an issue of law. We then refuse to decide the issue of law and remand to the District Court to do our job.
¶54 The majority’s avoidance reflex is becoming a pattern (See Molina v. Panco Construction, 2002 MT 136, 310 Mont. 185, 49 P.3d 570) and presents serious practical problems for the District Court and both parties. This case was commenced nearly four years ago on July 17, 1998. The jury’s verdict was returned on May 19, 2000, and the District Court’s order granting a new trial was entered on July 25, 2000. The notices of appeal and cross-appeal were filed on August 23 and 31, 2001, respectively. It will be nearly a year later when our Opinion is issued.
¶55 After all that time, the District Court is simply being told to redecide one of the principal legal issues raised on appeal with no indication of how that legal issue should be decided. Therefore, regardless of the District Court’s decision, either party is presumably entitled to appeal that decision a second time. After several years, two *259 decisions in the District Court, and one appeal to this Court, the parties will be no closer toward resolution than they were when the District Court originally decided as a matter of law that the City’s activity was not abnormally dangerous.
¶56 How does this procedural nightmare serve anyone’s interests? How does it fulfill this Court’s obligation to decide the issues of law that are brought to it? If someone in the majority has an explanation, maybe they will provide it. Until then, I dissent from the majority’s refusal to do our job.