No. 03-840

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 198

FERMIN MOLINA,

        Plaintiff and Appellant,

    v.

PANCO CONSTRUCTION, INC., and
JOHN DOES I-III,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2000-0728,
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Michael P. Sand, Sand Law Office, Bozeman, Montana

        For Respondents:

            Scott G. Gratton and Kelly J. C. Gallinger, Brown Law Firm,
Billings, Montana

                Submitted on Briefs:  April 28, 2004

                        Decided:  August 2, 2004

Filed:

                                Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 While working at a construction site in August of 1997, Fermin Molina was injured when a wall collapsed and crushed his leg. Molina was aware that the name Panco Construction, Inc., appeared as the name of the general contractor on a sign at the job site; it also appeared on the hard hat of the supervisor, and it was stenciled on a truck at the job site. Prior to filing a complaint, Molina's counsel's legal assistant performed an internet search and found that Panco Construction, Inc., was located in Spokane, Washington. She then made a telephone call to the office of the Washington Secretary of State in order to obtain the correct entity name and the name and location of the company's registered agent. The Washington Secretary of State's office informed her that the correct name was Panco, Inc., with a registered agent William Pancake of Walla Walla, Washington.

¶2 Relying on the information from the Washington Secretary of State, Molina filed a complaint on July 27, 2000, naming Panco, Inc., and fictitious defendants John Does I through III as defendants. Mr. Pancake responded in October of 2000, that Panco, Inc., of Walla Walla was not the correct party. Molina's counsel again called the Office of the Washington Secretary of State, and this time, that office responded with information about Panco Construction, Inc., of Spokane Washington.

¶3 Molina filed an amended complaint, which substituted the name of Panco Construction, Inc., for that of Panco, Inc., and retained all three fictitious John Doe defendants. After being served with the amended complaint, Panco Construction, Inc., filed its answer, asserting a statute of limitations defense and filing a Motion for Summary Judgment. Molina

2

responded with a brief in opposition and also moved to amend the complaint, asking the District Court to rule that the November 8, 2000, amended complaint substituted Panco Construction, Inc., for John Doe I, not Panco, Inc., or in the alternative, to allow Molina to file a second amended complaint substituting Panco Construction, Inc., for John Doe I.

¶4 Acting under the erroneous belief that it had granted Molina's motion to name Panco Construction, Inc., and keep John Does I through III, the District Court ruled in favor of Panco Construction, Inc., on summary judgment. Meanwhile, the District Court failed to rule on Molina's second motion to amend the complaint. Molina appealed to this Court. *Molina v. Panco Construction, Inc.,* 2002 MT 136, 310 Mont. 185, 49 P.3d 570 (*Molina I*). In *Molina I*, we recognized that if the District Court had allowed Molina to merely substitute the name of Panco Construction, Inc., for that of Panco, Inc., as the District Court believed it had, then a new cause of action would have been created. Such a new cause of action would have been barred by the statute of limitations. *Molina I,* ¶ 20; citing *Keller v. Stembridge Gun Rentals* (1986), 221 Mont. 352, 719 P.2d 764. However, we recognized that if Molina were substituting a fictitiously named "Doe" defendant as opposed to substituting for a named defendant (Panco, Inc.), different rules come into play. In *Molina I,* we ruled that summary judgment was improper, but because the parties operated under the erroneous belief that the old Rule 41E, M.R.Civ.P., still applied instead of the new Rule 4E, M.R.Civ.P., we remanded to the District Court for further briefing and a ruling on Molina's motion to amend the complaint to substitute Panco Construction, Inc., for "John Doe I." The fictitious name statute states:

3

**25-5-103. Suing a party by a fictitious name.** When the plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleadings or proceedings may be amended accordingly.

Section 25-5-103, MCA. Rule 4E(2) sets forth the time limitation for amending the complaint and issuance of service. The rule states:

(2) A plaintiff who names a fictitious defendant in the complaint, pursuant to 25-5-103, MCA, may amend the complaint to substitute a real defendant for the fictitious defendant within 3 years of filing the original complaint in the action. The 3 year time period set forth in subparagraph (1) of this rule for issuance and service begins to run, as to the newly identified defendant, from the date of the filing of the original complaint.

Rule 4E(2), M.R.Civ.P. Thus, on remand, the parties argued whether or not Molina was "ignorant" of the name of the defendant, as required by § 25-5-103, MCA. The District Court, in granting summary judgment, concluded that Molina was not ignorant, because, even though he was misinformed by the Washington Secretary of State, he nonetheless knew the defendant's name was Panco Construction, Inc. The District Court thus denied Molina's motion to amend the complaint pursuant to the fictitious name statute. Molina now appeals. We reverse the order of the District Court.

## DISCUSSION

¶5 Our review of a district court's grant or denial of a motion for summary judgment is de novo. *Associated Press v. Crofts*, 2004 MT 120, ¶ 11, 321 Mont. 193, ¶ 11, 89 P.3d 971, ¶ 11. Our standard of review for a question of law is plenary. *Collection Bureau Servs. v. Morrow,* 2004 MT 84, ¶ 6, 320 Mont. 478, ¶ 6, 87 P.3d 1024, ¶ 6. We review a district

4

court's legal conclusions for correctness. *Generali v. Alexander*, 2004 MT 81, ¶ 17, 320 Mont. 450, ¶ 17, 87 P.3d 1000, ¶ 17.

¶6 The sole issue now on appeal is whether or not Molina was ignorant of the name of the defendant so as to allow him to amend his complaint and substitute Panco Construction, Inc., for John Doe I, according to the fictitious name statute.

¶7 The Montana fictitious name statute is substantially similar to California's fictitious name statute. *See,* Cal. Civ. Proc. Code § 474 (West 2004). In *Sooy v. Petrolane Steel Gas, Inc.* (1985), 218 Mont. 418, 708 P.2d 1014, we adopted California's interpretation of its fictitious name statute and held that the substitution of a fictitiously named defendant relates back to the original filing of the complaint. When read in conjunction with Rule 4E, the purpose of the fictitious name statute becomes clear. It allows a plaintiff who is ignorant of a defendant's true name to file a complaint against a fictitiously named defendant in order to file within the statute of limitations. In *Sooy*, we overruled our previous holding in *Vincent v. Edwards* (1979), 184 Mont. 92, 601 P.2d 1184, which would have robbed the statute of its efficacy. *Sooy*, 218 Mont. at 423, 708 P.2d at 1017. Now, faced with the issue of interpreting the word "ignorant" as used in the statute, we once again turn to California case law for guidance.

¶8 California has long held that the fictitious name statute should be liberally construed. *General Motors Corp. v. Superior Court* (1996), 48 Cal.App.4th 580, 594, citing *Wallis v. Southern Pac. Transp. Co.* (1976), 61 Cal.App.3d 782, 786. In order to use the fictitious name statute, plaintiff's ignorance of defendant's true name must be genuine and not feigned.

5

California looks to plaintiff's knowledge about the defendant's true name at the time of the filing of the original complaint. *Streicher v. Tommy's Electric Co.* (1985), 164 Cal.App.3d 876, 882.

¶9      Interpreting the statute liberally to effectuate its purpose, we conclude that Molina was ignorant of Panco Construction, Inc.'s true name, as contemplated by Montana's fictitious name statute § 25-5-103, MCA.  Given that  a corporation may be conducting business under an assumed business name rather than its true name,  § 30-13-201 et seq., MCA, a plaintiff may very well know the identity of the defendant, yet remain ignorant of the defendant's legal name.  In addition, a corporation may designate an agent for service of process  whose relationship to the corporation is not readily obvious.  Thus, when Molina contacted the Washington Secretary of State's office and was misinformed that the true name of the defendant he sought was "Panco, Inc.," with a registered agent of Mr. Pancake in Walla Walla, Molina had no reason to believe he had the wrong name.  Thus, although Molina knew the identity of the defendant he sought to name from the outset was the general contractor of the job on which he was injured, he received incorrect information from the Secretary of State and was, at the time he filed his complaint, ignorant of the contractor's true legal name.  We conclude that, pursuant to § 25-5-103, MCA,  Molina must be allowed to substitute Panco Construction, Inc., for one of the John Doe defendants named in his original complaint.  For the above-stated reasons, we remand to the District Court for further proceedings consistent with this opinion.

6

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER

Justice Jim Rice dissenting.

¶10     The Court has erroneously interpreted California law on which it relies and, therefore, has reached the wrong conclusion.  I respectfully dissent.

¶11     The Court cites to California law for the proper application of § 25-5-103, MCA, because we did so previously in *Sooy v. Petrolane Steel Gas, Inc.* (1985), 218 Mont. 418, 708 P.2d 1014, and I have no objection thereto.  However, its reference to California precedent is incomplete and fails to acknowledge the holdings from that state which require us to reach the opposite conclusion.

¶12     It is correct, as the Court notes in ¶ 8, that California liberally construes this provision.  Indeed, the California courts go even further, holding that the statutory requirement that a plaintiff be ignorant of "the name of a defendant" when filing suit "has not been interpreted literally."  *Hazel v. Hewlett* (1988), 201 Cal.App.3d 1458, 1464.  In other words, California interprets the phrase "name of a defendant" to mean things beyond the scope of the plain language; a plaintiff can actually know a defendant's name, but have not yet discovered the facts necessary to support the claim, and still come under the "fictitious name statute."  *Hazel*, 201 Cal.App.3d at 1464-65.  By this mention, I do not suggest that we should adopt California's "nonliteral" method of statutory interpretation, even for this statute, but I only seek to demonstrate the lengths to which California courts go to accommodate the relation-back purpose of the statute.  However, even so, those courts would bar the filing here–on the meaning of "ignorance."

8

¶13     California courts require that a plaintiff must be "genuinely" or "actually" ignorant of the defendant's identity at the time of the filing. *Woo v. Superior Court* (1999), 75 Cal.App.4th 169, 177. In this case, the Court concedes that Molina genuinely or actually "knew the identity of the defendant he sought to name from the outset," but concludes that after receiving misinformation from the Secretary of State, he became, at the time he filed his complaint, ignorant once again. *See* ¶ 9. However, as the California courts have held repeatedly, "[i]gnorance of the facts is the critical issue, and *whether it be due to misinformation or negligence is not relevant*." *Optical Surplus, Inc. v. Superior Court (Niskar)* (1991), 228 Cal.App.3d 776, 784 (emphasis added); *see also Munoz v. Purdy* (1979), 91 Cal.App.3d 942, 947. In other words, actual knowledge cannot be turned into ignorance once again because a plaintiff received misinformation.

¶14     In *Optical*, plaintiff's counsel sent a demand letter to Defendant Optical prior to filing suit. When Optical sent a letter in reply denying involvement in the matter, plaintiff elected not to name Optical in the suit, naming "Doe defendants" instead. Later, plaintiff sought to add Optical under the fictitious name statute. The trial court granted plaintiff's request, but the California Court of Appeals reversed:

> [Plaintiff's] self-serving suggestion that he believed [Optical's] reply letter cannot change the fact that [Plaintiff] knew everything he needed to know about Optical when he filed his original complaint. (*Munoz v. Purdy*, *supra*, 91 Cal.App.3d at p. 947 ["'Ignorance of the facts is the critical issue, and whether it be due to misinformation or negligence is not relevant.' [citations]"].)

*Optical*, 228 Cal.App.3d at 784.

9

¶15    I believe that the District Court's findings that Molina had actual knowledge of the Panco Construction, Inc.'s, identity, and the proper application of California's precedent regarding this statute, require that we affirm the District Court.


/S/ JIM RICE


Chief Justice Karla M. Gray joins in the dissent of Justice Rice.


/S/ KARLA M. GRAY